UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALCALA, | No. C-08-04828 PJH (DMR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS [DOCKET NO. 86]** |
| v. | |
| MONSANTO COMPANY, | |
| Defendant. | |

On April 14, 2014, *pro se* Plaintiff Javier Alcala filed a motion for sanctions against Defendant Monsanto Company ("Monsanto"). [Docket No. 86 (Pl.'s Mot.).] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the following reasons, Plaintiff's motion is denied.

**I. Background**

This is a personal injury action stemming from Alcala's alleged exposure to three of Monsanto's pesticide products. The three products at issue, known as "Roundup" herbicides, are Roundup Pro, Roundup Pro Concentrate, and Roundup Pro/Dry (the "Roundup products"). On March 7, 2014, the parties filed a joint discovery letter brief in which Alcala sought an order compelling Monsanto to provide further responses to his first set of requests for production (RFPs). [Docket No. 80.] After a hearing, the court issued an order granting in part and denying in part Alcala's motion to compel. [Docket No. 83 (Order on Mot. to Compel).] The court also ordered a

procedure by which Alcala could request from Monsanto the production of individual human epidemiology studies which he believes are relevant to his claims in response to RFPs seeking "studies, experiments and investigations" regarding the Roundup products or glyphosate, the Roundup products' active ingredient. The court ordered Monsanto to serve amended responses to certain RFPs and produce additional responsive documents by April 3, 2014.

Alcala now moves for sanctions against Monsanto for its alleged failure to comply with the court's order on the motion to compel. He seeks an order awarding him "10% of the amount of the law suit" for each day that Monsanto continues to fail to comply fully with the court's order as of April 14, 2014, the date he filed the motion for sanctions. (Pl.'s Mot. 9.) Although Alcala does not specify the legal authority for his motion, it appears that he moves pursuant to Federal Rule of Civil Procedure 37 for failure to comply with a court order.

## II. Legal Standards

Federal Rule of Civil Procedure 37 authorizes the imposition of various sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery and failure to timely supplement initial disclosures and/or discovery responses pursuant to Rule 26(e). Fed. R. Civ. P. 37(b)(2)(A), (c)(1). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C), (c)(1)(A). Where a party has violated a discovery order or Rule 26's disclosure requirements, a court may direct that certain facts be taken as established for purposes of the action and/or prohibit the party "from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (c)(1)(C). In addition, a party in violation of Rule 26 may also be prohibited from using "information or [a] witness to supply evidence on a motion, at a hearing, or at trial," unless the failure to disclose the information or witness "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III. Discussion

Alcala argues that Monsanto failed to comply with three portions of the court's order on the motion to compel. The court will address each in turn.

### A. Requests for Studies (RFPs 2, 3)

1    RFPs 2 and 3 sought all "studies, experiments and investigations" about symptoms caused by exposure to any Roundup product or any product containing glyphosate. In his motion to compel, Alcala contended that Monsanto had produced studies that were missing pages and were incomplete. Relevant to this motion, the court ordered Monsanto to serve amended responses to these RFPs indicating that it had produced full and complete copies of all responsive animal toxicology inhalation studies within its possession, custody, or control by April 3, 2014, and to verify the responses under oath. Alcala contends that he notified Monsanto by email on March 23, 2014 of three studies produced by Monsanto that were incomplete. (Pl.'s Mot. 3-4.) On April 5, 2014, he received Monsanto's amended responses to RFPs 2 and 3; however, according to Alcala, Monsanto did not produce the complete versions of the three studies.

Monsanto contends that two of the three requested studies pertain to a product that was discontinued in 1992 to which Alcala was never exposed, and thus the studies are not relevant to Alcala's claims and not required by the court's order. However, to avoid further dispute with Alcala, Monsanto produced additional documents related to the studies on April 22, 2014. (Blakey Decl., April 25, 2014, ¶ 5.) Alcala has confirmed his receipt of the complete studies. (Pl.'s Reply 4.) Thus, the parties' dispute as to these studies is moot.

As to the third study, an inhalation toxicology study for Roundup Pro, one of the products at issue, Alcala contends the document is missing pages 8 to 41. Monsanto explains that some of the page numbers for the 49-page study "appear to have been lost with repeated copying," which makes it appear that certain pages are missing. (Def.'s Opp'n 2; Blakey Decl. ¶ 3 Ex. A.) However, counsel believes the document is complete. (Blakey Decl. ¶ 3.) Upon close comparison of the table of contents with each page of the document, the court is satisfied that the document appears complete. (*See* Blakey Decl. Ex. A.) Accordingly, the court concludes that Monsanto has not violated the court's order as to RFPs 2 and 3.

**B.    Requests Regarding the Cancellation of Roundup Pro/Dry (RFPs 5, 6)**

RFPs 5 and 6 sought documents regarding the cancellation of Roundup Pro/Dry, including Monsanto's reasons for cancelling that formulation instead of Roundup Pro or Roundup Pro Concentrate. In its order on the motion to compel, the court held that the term "cancellation" as

1  //
2  //
3  //
4  used in the RFPs referred to Monsanto's own actions in discontinuing the product, and not actions
5  by the U.S. Environmental Protection Agency (EPA).  At the hearing, Monsanto asserted that it
6  discontinued Roundup Pro/Dry for marketing reasons, not due to health or safety concerns, and that
7  the production of consumer surveys and other marketing materials would impose an undue burden.
8  Therefore, the court ordered Monsanto to produce responsive documents only to the extent that they
9  indicated that Monsanto discontinued the product for health or safety concerns, as those terms are
10 broadly construed.  Alcala challenges Monsanto's further responses to these RFPs, claiming that
11 Monsanto failed to comply with the court's order and merely changed its response to refer to the
12 California Department of Pesticide Regulation (CDPR) instead of the EPA.
13     Upon examination of Monsanto's further responses, the court finds that Alcala's contention
14 lacks merit.  Monsanto provided further responses indicating that it has no documents that "indicate
15 that Monsanto discontinued Roundup Pro/Dry due to health or safety concerns, as those terms are
16 broadly construed." (Pl.'s Mot. Ex. B at 5-6.)  These responses comply with the court's order.
17 However, directly above its further responses, Monsanto set out its original responses to the RFPs,
18 which reference the CDPR.  While perhaps confusing, this is not improper.  Monsanto has not
19 violated this portion of the court's order on the motion to compel.
20     **C.     Requests Relating to "Volatility or Drift" (RFPs 8, 9, 15)**
21     Finally, RFPs 8, 9, and 15 sought documents regarding studies or experiments regarding the
22 "volatility or drift" of any of the Roundup products or glyphosate, and Monsanto's knowledge
23 thereof.  At the hearing, Alcala referred to a document he obtained from Monsanto's website,
24 entitled "Backgrounder Glyphosate and Drift," referencing a study suggesting that glyphosate can
25 drift significantly during ground applications.  (*See* Pl.'s Mot. Ex. C.)  Given this showing, as well
26 as Alcala's assertions about how the trucks he operated for Caltrans sprayed pesticides, the court
27 ordered Monsanto to produce all studies of product drift related to ground applications of the
28

4

1  //

2  //

3  Roundup products or glyphosate. As to documents regarding volatility, Monsanto represented that it
4  was not aware of any volatility studies or experiments showing respiratory problems resulting from
5  inhalation of the products at issue. Therefore, the court ordered Monsanto to serve amended
6  responses confirming that it has produced all volatility studies related to inhalation and/or the
7  respiratory system for the products at issue, or that no such documents exist.

8  Alcala contends that he gave Monsanto a copy of the Backgrounder document but that
9  Monsanto has failed to produce "documents from this study" to comply with the court's order.
10 (Pl.'s Mot. 7.) It appears that Alcala's argument is that the court ordered Monsanto to produce each
11 of the studies listed in the Backgrounder. However, as Monsanto correctly notes, the court's order
12 was plainly limited to drift studies relating to *ground applications* of the Roundup products, and did
13 not include studies regarding aerial applications. Therefore, Monsanto was not required to produce
14 aerial application studies simply because they appeared in the Backgrounder. Monsanto represents
15 that it has produced 26 studies that concern glyphosate drift due to ground applications, including
16 certain studies listed in the Backgrounder. (Blakey Decl. ¶ 6.) However, the other materials listed
17 in the Backgrounder either related to aerial applications or were not located following a diligent
18 search, as noted in Monsanto's verified further responses. (Def.'s Opp'n 4; Pl.'s Mot. Ex B at 7-8,
19 10-11.)

20 Regarding volatility, Monsanto provided a further response that following a diligent search it
21 had not located "volatility studies related to inhalation and/or the respiratory system for the products
22 at issue" and "concludes that such documents do not exist." (Pl.'s Mot. Ex. B.) Alcala contends that
23 Monsanto has failed to comply with the court's order and asks the court to prohibit Monsanto from
24 contending in this litigation that the Roundup products or glyphosate are not volatile or have low
25 volatility. (Pl.'s Mot. 10.) However, Alcala does not explain why this response is not compliant.
26 Having reviewed Monsanto's further responses, the court finds that it has complied with the court's
27 order. Accordingly, sanctions are not warranted.

28 **IV.  Conclusion**

5

For the foregoing reasons, the court finds that Monsanto has complied with the court's order on Alcala's motion to compel. Therefore, Alcala's motion for sanctions is denied.

IT IS SO ORDERED.

Dated: May 15, 2014



DONNA M. RYU
United States Magistrate Judge