UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER ALCALA,

        Plaintiff(s),

    v.

MONSANTO COMPANY,

        Defendant(s).
_____/

No. C 08-4828 PJH

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

    Defendant's motion for summary judgment came on for hearing before this court on September 17, 2014. Plaintiff Javier Alcala ("plaintiff") appeared in pro per. Defendant Monsanto Company ("defendant") appeared through its counsel, Daniel Blakey.

    At the hearing, plaintiff acknowledged that, although he had spoken with several doctors, he had not yet retained an expert to provide testimony on the issue of medical causation, but argued that his failure to do so was the result of defendant's late production of certain studies. Specifically, after the close of discovery, plaintiff filed a motion to compel, arguing that defendant had failed to produce all requested discovery by the February 14, 2014 close of discovery. The motion to compel was heard on March 20, 2014, and on March 24, 2014, the motion to compel was granted in part, and defendant was ordered to supplement certain responses by April 3, 2014. Defendant supplemented its responses on April 3, but there was a dispute over two studies, and those studies were not produced until April 22, 2014 (and not received by plaintiff until April 24, 2014).

    While the motion to compel was pending, the parties' expert disclosures were due. Defendant timely disclosed its experts on March 17, 2014, but plaintiff did not do so. Plaintiff had previously requested a 90-day extension on all expert-related deadlines, but the court denied the request as premature, as plaintiff sought the request before the close

of discovery, and it was not clear that additional time would be needed. However, the court did specifically state that, if plaintiff believed that defendant had not produced all responsive documents after the close of discovery, he could file a motion to compel, and if he prevailed on the motion to compel, he "may still seek extensions" of the expert-related deadlines. However, even after prevailing in part on the motion to compel, plaintiff never sought such an extension, and now indicates that he believed that the court would extend the deadlines on its own. Plaintiff also admits that, since he received the final production of documents on April 24, 2014, he has not taken any steps to retain an expert, and was instead waiting for the court to extend the expert-related deadlines.

Even though plaintiff could not explain how the late receipt of certain studies impacted his ability to retain an expert on the medical cause of his respiratory condition, based on the confusion surrounding the need to seek an extension from the court, the court will allow plaintiff a further opportunity to provide expert testimony, now that all discovery has been produced. As stated at the hearing, plaintiff will have until **October 17, 2014** to file a notice with the court identifying the expert he has retained. Plaintiff will then have until **November 17, 2014** to serve an expert report on defendant. Plaintiff will then have until **December 1, 2014** to supplement his opposition to defendant's motion for summary judgment, and defendant will have until **December 15, 2014** to supplement its reply.

The court also directs plaintiff to the Rand warning, provided by this court on August 8, 2013, and again by defendant on July 15, 2014, which sets forth the requirements for opposing a motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge