UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER ALCALA,

    Plaintiff,

    v.

MONSANTO COMPANY,

    Defendant.

_____/

No. C 08-4828 PJH

**ORDER RE PLAINTIFF'S REPLY TO SUMMARY JUDGMENT ORDER; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

On September 19, 2014, the court issued an order regarding defendant's motion for summary judgment, which was heard on that same day. At the hearing and in the order, the court noted that plaintiff had not served an expert report by the March 17, 2014 deadline, and thus, had presented no expert testimony in opposition to defendant's motion for summary judgment. Indeed, plaintiff represented to the court that he had not yet hired an expert.

However, instead of granting defendant's motion, the court allowed plaintiff an additional opportunity to present expert testimony in opposition to defendant's motion. The court gave plaintiff until October 17, 2014 to file a notice with the court identifying the expert that he had hired, until November 17, 2014 to serve that expert's report upon defendant, and until December 1, 2014 to supplement his opposition to defendant's motion for summary judgment. The court's order also again directed plaintiff to the Rand warning, setting forth the requirements for opposing a motion for summary judgment. The Rand warning had been provided to plaintiff on two previous occasions, on August 8, 2013, and on July 15, 2014.

On October 8, 2014, plaintiff filed a "reply" to the court's order, the purpose of which was to "inform this court that plaintiff will not file an expert testimony until this case has

been reviewed for other Judge and other Court that can be neutral to this case." See Dkt. 98 at 1.

Plaintiff claims that this court made a "false" statement in its September 19 order, when it stated that "plaintiff acknowledged that, although he had spoken with several doctors, he had not yet retained an expert to provide expert testimony on the issue of medical causation." Plaintiff now argues that he "never acknowledged or said that in the hearing."

However, in his reply, plaintiff admits that the court "asked Plaintiff if he already has the expert, and Plaintiff explained that: Dr. Harrison recommended one expert, but Plaintiff still has not contacted him." Dkt. 98 at 2. Thus, given that plaintiff "still has not contacted" the recommended expert, it would follow that plaintiff has "not yet retained an expert."

Regardless, the fact remains that plaintiff has been afforded an additional opportunity to present expert testimony in opposition to defendant's motion. Plaintiff's reply does not set forth any explanation as to why plaintiff is unable to present such testimony, or why an additional extension is necessary. Instead, plaintiff raises concerns with defendant's discovery practices in this case, and complains about not having received a previous extension of expert-related deadlines. However, those concerns are now moot, as plaintiff has received the relief that he requested. As of April 24, 2014, plaintiff has received all documents that he was to receive after his motion to compel was granted in part. Plaintiff has also received extensions on all expert-related deadlines. However, despite these extensions, plaintiff now informs the court the he "will not file an expert testimony until this case has been reviewed for other Judge and other Court that can be neutral to this case."

The court cannot force plaintiff to retain an expert and to submit expert testimony to defeat summary judgment, it can only explain to plaintiff what is required in order to pursue his claims, and to allow plaintiff an opportunity to meet those requirements. Throughout this case, the court has taken steps to ensure that plaintiff has had ample opportunity to fully litigate his claims.

2

When this case was remanded by the Ninth Circuit, the court referred plaintiff to the Federal Pro Bono Project for assistance in finding volunteer counsel, and stayed all proceedings in this action. See Dkt. 61 (Mar. 15, 2013). For four months (four times the amount of time generally taken by the Federal Pro Bono Project to locate volunteer counsel), the Federal Pro Bono Project attempted to procure counsel for plaintiff, but it ultimately informed the court that "all attorneys queried have declined to assist plaintiff in the case." See Dkt. 62 (July 18, 2013). Accordingly, the court lifted the stay and held a case management conference.

At the case management conference, the court provided to plaintiff a "notice of deficiencies in plaintiff's evidence and of filing requirement for motion for summary judgment," also referred to as a "Rand warning." See Dkt. 65. The notice informed plaintiff that "upon the court's prior review of the evidence in this case, your evidence as to causation was deficient." Specifically, the court noted that plaintiff's complaint asserted two causes of action, for general negligence and products liability, and explained to plaintiff that "[i]n order to prevail on these two causes of action you must prove causation, which is an essential element of every tort action." And because "causation must be proven with a reasonable medical probability based upon competent expert testimony," plaintiff was told that "you must produce expert testimony establishing causation in order to proceed to trial." See Jameson v. Desta, 215 Cal. App. 4th 1144, 1166 (2013); Jones v. Ortho Pharmaceutical Corp., 163 Cal. App.3d 396, 402-03 (1985).

The notice then explained that, after discovery, Monsanto may file a motion for summary judgment, and that "Rule 56 tells you what you must do in order to oppose a motion for summary judgment." Specifically, if a defendant makes a motion for summary judgment that is properly supported by evidence, a plaintiff "cannot simply rely on what [the] complaint says," and must instead submit evidence that contradicts defendant's evidence and that shows "that there is a genuine issue of material fact for trial." Plaintiff was then informed that "[i]f you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you."

3

1    Defendant did indeed file a motion for summary judgment on July 15, 2014, and at
2 the same time, provided an additional "notice of court's Rand warning" to plaintiff. See Dkt.
3 93.
4    Despite being put on notice by the court of what was needed to defeat summary
5 judgment, plaintiff chose not to serve an expert report by the March 17, 2014 deadline.
6 And despite being given an additional Rand warning when defendant filed its motion for
7 summary judgment, plaintiff chose not to submit a substantive opposition, and instead took
8 the opportunity to re-argue the merits of discovery disputes that had already been ruled
9 upon.  However, after the September 17, 2014 summary judgment hearing, the court gave
10 plaintiff yet another opportunity to serve an expert report upon defendant, and to
11 supplement his opposition to defendant's motion for summary judgment.  Having now
12 refused to do so, the court is out of options.  Granting plaintiff an additional extension would
13 be futile, as he has explicitly stated that he "will not file an expert testimony until this case
14 has been reviewed for other Judge and other Court that can be neutral to this case."  And
15 the court cannot retain an expert on plaintiff's behalf and compel him or her to prepare an
16 expert report and to serve it upon defendant.  Thus, the court must consider the merits of
17 defendant's motion, without having received any supplemental opposition from plaintiff.
18    Summary judgment is appropriate when there is no genuine issue as to material
19 facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.
20 Material facts are those that might affect the outcome of the case.  Anderson v. Liberty
21 Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there
22 is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.
23    A party seeking summary judgment bears the initial burden of informing the court of
24 the basis for its motion, and of identifying those portions of the pleadings and discovery
25 responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp.
26 v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof
27 at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other
28 than for the moving party.  Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885,

888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

As explained above, defendant's motion for summary judgment is substantively unopposed. While plaintiff did nominally file an opposition to defendant's motion, the opposition does not address the merits of the motion, and is instead limited to re-arguing the merits of plaintiff's own motion to compel (which was granted in part and denied in part by the Magistrate Judge in an order dated March 24, 2014, which was not appealed to this court). This, however, is not dispositive. Despite a party's failure to respond to a summary judgment motion, the court must still evaluate the merits of the motion. A party's mere failure to respond, by itself, does not provide the court with authority to grant the motion. See Evans v. Independent Order of Foresters, 141 F.3d 931, 932 (9th Cir. 1998). Rather, the court is independently obligated to "carefully evaluate[ ]" whether there exists genuine issues of material facts that would preclude summary judgment. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).

Even in the absence of a response from the nonmoving party, the moving party still bears the burden of demonstrating entitlement to judgment as a matter of law. Id. Nonetheless, a court can grant an unopposed summary judgment motion if the movant's papers do not reveal a genuine issue of material fact, and are themselves sufficient to warrant summary judgment. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom, Degen v. United States, 517 U.S. 820 (1996).

Defendant's motion first points out that, by his own admission, plaintiff limited his

5

amended complaint to claims for respiratory problems, and not for any other medical problems. See Dkt. 91 at 6. Specifically, plaintiff was asked at his deposition: "Which of your medical problems past and present do you presently contend the Roundup products contributed to?" to which he answered: "Respiratory problems." Id. (citing Dkt. 92, Ex. D). Defense counsel then noted that he "read the complaint as saying respiratory problems, diarrhea, liver, and gastritis," but plaintiff clarified "that's the first complaint. But the Amended Complaint is only for respiratory problems." Id. Defense counsel then said that he "want[ed] to make sure that we're absolutely clear," and asked again whether "[t]he only medical problem that you are claiming in this lawsuit that is caused or contributed to by Roundup products and/or Glyphosate is respiratory problems," to which plaintiff responded "[y]es." Id. Defense counsel then asked again: "So, you are not claiming liver problems, diarrhea, or gastritis," and plaintiff again confirmed: "No. That one was in the first Complaint. But the Amended Complaint is only respiratory problems." Id.

After establishing the scope of plaintiff's asserted claims, defendant's motion then cites to medical records prepared by plaintiff's treating physicians. Defendant cites to records from four of plaintiff's doctors, none of whom opined that plaintiff's respiratory problems were caused by defendant's products. One physician (Dr. Robert Harrison) initially concluded that plaintiff's "exposure to pesticides" caused his respiratory irritation, but did not identify defendant's products specifically. See Dkt. 92, Ex. J. Subsequently, Dr. Harrison served as the Agreed Medical Evaluator in this case, and concluded that he was "not able to relate these [respiratory] symptoms to work related exposures to herbicides." See Dkt. 92, Ex. F. Two other physicians (Dr. Michael O'Malley and Dr. Christina Wang) concluded generally that "chemical exposure" or "herbicide exposure" contributed to plaintiff's respiratory problems, but again, did not connect plaintiff's symptoms to defendant's products. See Dkt. 92, Exs. L, M. The fourth physician (Dr. Michael Heinrich) concluded that plaintiff's respiratory symptoms were "not work related." See Dkt. 92, Ex. N.

Defendant then cites to the testimony of its own expert, Dr. Philip Edelman, who "conclude[d] to a reasonable degree of medical probability that Roundup was neither a

cause nor contributing factor" to plaintiff's respiratory problems. See Dkt. 92, Ex. O at 3.

In order to defeat summary judgment, plaintiff is required to raise a disputed issue of fact regarding medical causation. However, as explained above, plaintiff's opposition fails to address the merits of defendant's motion, and plaintiff now refuses to take the additional opportunity to present expert testimony and to supplement his opposition brief. Defendant's expert testimony does support the conclusion that defendant's products were not the cause of plaintiff's respiratory problems, and even plaintiff's own doctors' medical records do not raise any genuine dispute on that issue. Thus, having found that plaintiff has failed to raise a genuine issue of disputed fact regarding medical causation related to defendant's products, defendant's motion for summary judgment must be GRANTED.

**IT IS SO ORDERED.**

Dated: October 15, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge